Filed 6/13/23 In re X.E. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re X.E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>X.E.,<br><br>    Defendant and Appellant. | F085198<br><br>(Super. Ct. No. JJD074122)<br><br>**OPINION** |

### <u>THE COURT</u>[*]

APPEAL from orders of the Superior Court of Tulare County. John P. Bianco, Judge.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Franson, J. and Smith, J.

Appointed counsel for minor X.E. asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Minor was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Minor did not respond. Finding no arguable error that would result in a disposition more favorable to minor, we affirm.

## BACKGROUND

In March 2020, 12-year-old minor was declared a dependent of the juvenile dependency court and was removed from his home. In December 2021, minor's mother relinquished full custody of him. His father's whereabouts were unknown. While in foster care, minor absconded on three occasions.

On April 19, 2022, a juvenile petition was filed pursuant to Welfare and Institutions Code section 602[1] alleging minor committed misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1)) on March 26, 2022.

On May 10, 2022, the juvenile court issued a bench warrant for failure to appear.

On September 7, 2022, at 7:30 p.m., 15-year-old minor and four or five other juveniles entered a convenience store. Minor took a 12-pack of beer from the store without paying for it. The store's cashier followed the group. When they noticed him, they attacked him by hitting and kicking him. One juvenile threatened to use a gun. The group then fled with the beer. A witness to the attack called the police.

As a responding officer was driving to the convenience store, he saw a group of six juveniles, including minor, within walking distance of the store. They were carrying alcoholic beverages, including a 12-pack of beer and some whisky. When the juveniles saw the officer, they threw the alcohol in a yard and continued walking. The officer detained all of them and minor was taken into custody.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

On September 9, 2022, a second section 602 petition was filed against minor, adding an allegation of robbery with a gang allegation (Pen. Code, §§ 211, 186.22, subd. (b)(1)(C); count 2). The prosecutor determined minor was ineligible for deferred entry of judgment.

On October 4, 2022, a contested jurisdiction hearing was held, and the juvenile court found the robbery allegation true beyond a reasonable doubt. Count 1 and the gang allegation on count 2 were both dismissed.

The October 11, 2022 probation report stated that minor had "been on the run for a few months" and described himself as "homeless." He stated he was a Norteño gang member and was not enrolled in school.

On October 18, 2022, the disposition hearing was held. The juvenile court terminated dependency jurisdiction, declared minor a ward of the court, placed him on probation, committed him to the Tulare County Mid-Term Program for 365 days, and set his maximum term of confinement at three years.

On October 31, 2022, minor filed a notice of appeal.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The juvenile court's findings and orders are affirmed.